**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Evanston Insurance Company,

       Plaintiff,

         v.

University Accounting Service, LLC,

       Defendant.

Case No. 24 C 1543

Judge Jorge L. Alonso

## <u>Memorandum Opinion and Order</u>

Defendant University Accounting Service, LLC ("UAS") has moved to dismiss Plaintiff Evanston Insurance Company's ("Evanston") complaint for lack of subject-matter jurisdiction. For the below reasons, the Court grants UAS's motion (ECF No. 10) and dismisses Evanston's complaint (ECF No. 1) without prejudice.

## Background

On February 23, 2024, Evanston sued UAS in this District, requesting various declaratory relief related to insurance policies between the parties. (ECF No. 1.) In its complaint and supplemental jurisdictional statement, Evanston alleges that it is an Illinois company with its principal place of business in Illinois and that UAS is a Wisconsin limited liability company whose sole member, Transworld Systems, Inc. ("TSI"), is a California corporation with its principal place of business in Pennsylvania. (*Id.* ¶¶ 9–10; ECF No. 7.). Evanston's only alleged basis for this Court to exercise subject-matter jurisdiction over this case is that it and UAS are citizens of different states and the amount in controversy exceeds $75,000, so diversity jurisdiction arises under 28 U.S.C. § 1332.

UAS has moved to dismiss Evanston's complaint for lack of subject-matter jurisdiction, claiming that the parties are not diverse because TSI's principal place of business is in Illinois, not Pennsylvania as Evanston alleges. (ECF No. 10.)

### Legal Standard

28 U.S.C. § 1332 grants the Court jurisdiction over a civil action in which the matter in controversy exceeds $75,000 and the case is between "citizens of different states." 28 U.S.C. § 1332(a). That requires "complete diversity" of citizenship, meaning that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021). As the party attempting to invoke the Court's jurisdiction, Plaintiff carries the burden of proving the citizenship of each party. *See Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018). Where, as here, a motion to dismiss "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (cleaned up). The parties' citizenship is evaluated at the time of Evanston's complaint—February 23, 2024. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004).

A court may allow jurisdictional discovery where a plaintiff makes a "*prima facie* showing with some competent evidence demonstrating that jurisdiction might exist," which shows "that the factual record is at least ambiguous or unclear on the jurisdiction issue," rather than merely "bare, attenuated, or unsupported assertions of jurisdiction." *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018) (internal quotation marks and citations omitted). The court's decision to grant or deny discovery is

discretionary. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000).

## Discussion

The parties agree that Evanston is an Illinois citizen for jurisdictional purposes. Thus, Evanston's case may only proceed if UAS is not an Illinois citizen. Since UAS is a limited liability company, its citizenship is determined by the citizenship of its sole member, TSI. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). TSI itself is incorporated in California, but the parties dispute whether its principal place of business is in Pennsylvania or in Illinois—if it's in Illinois, then both parties are Illinois citizens, diversity does not exist, and the Court lacks subject-matter jurisdiction over this case.

"To determine the principal place of business, federal courts apply the nerve-center test." *Cruz v. Robert Bosch Auto., Steering, LLC*, No. 1:21-CV-06794, 2023 WL 5277887, at *2 (N.D. Ill. Aug. 16, 2023) (citing *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)). A corporation's nerve center is its "brain and is synonymous with its executive headquarters." *Id.* (quoting *Big Shoulders Capital*, 13 F.4th at 573).

To support dismissal, UAS submitted a declaration of Joel Petersen, TSI's President and Chief Revenue Officer. (ECF No. 11-1.) In it, Petersen declares that (1) TSI's sole executive office and principal place of business is in Lake Forest, Illinois, from which TSI's corporate decision-making predominantly occurs; (2) TSI's chief officers who make all material corporate decisions and direct, control, and coordinate TSI's activities, including its President, Chief Revenue Officer, Vice President for Corporate Legal, Chief Human Resource Officer, and Chief Executive Officer, reside and work predominantly in Illinois (with the exception of TSI's CEO,

who splits his time between Illinois and Florida, where TSI does not have an executive office); (3) TSI has an office in Pennsylvania but its corporate decision-making does not regularly occur there and none of its top executives reside or regularly work there. (*Id.*) Petersen states that was the case as of February 23, 2024. (*Id.*)

In response, Evanston points to past court filings in which TSI represented that that its principal place of business was in Pennsylvania as recently as October 2023. Evanston argues that these prior inconsistent representations raise an ambiguity regarding TSI's principal place of business and requests jurisdictional discovery to resolve that ambiguity. The Court disagrees that TSI's prior representations create a genuine ambiguity that warrants discovery and precludes dismissal.

The Court realizes that in other cases TSI and UAS have often, though not always, represented that TSI's principal place of business is in Pennsylvania or refused to admit that its principal place of business was in Illinois. *See, e.g.*, *Carlos-El v. Transworld Sys., Inc.*, No. 1:24-cv-03931, ECF No. 9 ¶ 2 (N.D. Ill. Aug. 7, 2023); *Holley v. Transworld Sys., Inc.*, No. 23-cv-03373, ECF No. 6 ¶ 5 (N.D. Ill. July 31, 2023); *Davis v. Transworld Sys., Inc.*, No. 1:21-cv-3070, ECF No. 14 ¶ 7 (N.D. Ill. Aug 30, 2021); *UMB Bank, N.A. v. Convergent Outsourcing, Inc.*, No. 4:23-cv-560, ECF No. 18 ¶ 26 (W.D. Mo. Oct. 12, 2023); *Univ. Accounting Serv., LLC v. Schulton*, No. 3:18-cv-01486, ECF No. 1 ¶ 8 (D. Or. Aug. 10, 2018); *but see Blaise v. Transworld Sys. Inc.*, No. 1:21-cv-05791, ECF No. 6 ¶ 4 (N.D. Ill. Nov. 4, 2021) (denying that TSI's principal place of business was in Pennsylvania); *Transworld Sys., Inc. v. Nat'l Union Ins. Co. of Pittsburgh*, No. 19-cv-00077, ECF No. 1 ¶ 5 (N.D. Ill. Jan. 4, 2019) (TSI alleging its principal place of business was in Illinois).

However, for whatever weight TSI's prior filings may have, they do not meaningfully undermine the uncontroverted statements of TSI's president that, as of the date of Evanston's complaint, TSI's sole executive office was in Illinois, its chief corporate officers directed TSI's business predominantly from Illinois, and TSI did not regularly conduct corporate decision-making from Pennsylvania even though it had an office there. *See Rockford Mut. Ins. Co. v. Truck Ins. Exch.*, No. 12 C 7549, 2013 WL 1154462, at *4 (N.D. Ill. Mar. 19, 2013) (granting motion to dismiss notwithstanding prior inconsistent representations regarding citizenship where there was "no indication . . . that [the defendant's] assertion of California citizenship in the previous cases was not in good faith" and the Court did "not see why [the defendant] should be bound by legal analysis made in the context of unrelated litigation by its previous attorneys"); *Atl. Mut. v. Myron Corp.*, 05 C 4886, 2006 WL 8461634, at *2 (N.D. Ill. June 8, 2006) ("In the prior tax case, Atlantic Mutual either made an unintentional error . . . or, instead, tried to secure an unfair advantage by falsely presenting itself as a New Jersey corporation. Regardless of what happened, however, this court must independently consider the evidence submitted in this case regarding Atlantic Mutual's citizenship. Because this evidence is uncontroverted and shows that Atlantic Mutual is a New York corporation, the parties are diverse."); *cf. Cushman & Wakefield, Inc. v. Ill. Nat'l Ins. Co.*, No. 14 C 8725, 2015 WL 14068880, at *2–4 (N.D. Ill. Feb. 3, 2015) (finding that prior representations and other documents indicating that Illinois was the defendant's principal place of business weeks before and even after the relevant date overcame the defendant's submitted declarations to the contrary, which did not identify the roles of the officers who purportedly were located elsewhere). Evanston does not explain how further investigating TSI's citizenship via discovery might reasonably affect the citizenship analysis, and the Court concludes that jurisdictional discovery is not warranted here given the uncontroverted

evidence of TSI's Illinois citizenship. *See Cruz*, 2023 WL 5277887, at *3, *3 n.4 (denying jurisdictional discovery where the undisputed jurisdictional facts were that Michigan "boast[ed] the lion's share of directional and executive decision-making," even though there were significant business activities and an office in Illinois); *cf. Zurich Am. Ins. Co.*, 2018 WL 3770085, at *2 (granting jurisdictional discovery where the plaintiff had not alleged the defendant LLC's membership because it had "been unable after a diligent search to ascertain any information whatsoever about the [defendant's] membership]").

### Conclusion

The Court grants UAS's motion to dismiss (ECF No. 10) and dismisses Evanston's complaint without prejudice for lack of subject-matter jurisdiction. Civil case terminated.

**SO ORDERED.**                          **ENTERED: October 31, 2024**

_____

**HON. JORGE ALONSO**
**United States District Judge**